# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ALBERT J. OSTROWSKI,**

       **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　　Case No:　6:17-cv-598-Orl-31KRS

**AMERICAN TIRE DISTRIBUTORS,
INC., HERCULES TIRE HOLDINGS,
LLC and COASTAL TIRES, INC.,**

       **Defendants.**

## ORDER

This matter comes before the Court on the Motion to Remand (Doc. 6) filed by the Plaintiff, Albert J. Ostrowski; the Response in Opposition (Doc. 10) filed by Defendants, American Tire Distributors, Inc. and Hercules Tire Holdings, LLC (together "ATD"); and Ostrowski's Reply (Doc. 16) thereto.

**I.　　Background**

Ostrowski filed the instant case in state court on February 16, 2017, alleging that he suffered injuries as a result of an accident caused by tread separation on a Hercules H-402 tire. (Doc. 2.) Ostrowski claims that the tire was defective and that the Defendants are liable under the theory of strict products liability. (*Id.*) ATD removed the case to this Court on April 4, 2017, on diversity grounds. (Doc. 1.) Ostrowski now seeks remand, arguing that ATD's removal was untimely, that the parties lack complete diversity, and that ATD failed to demonstrate that the amount controversy exceeds $75,000.00. In response, ATD argues that its Florida-resident co-defendant, Coastal Tires Inc. ("Coastal"), was fraudulently joined, that its notice of removal was

timely under 28 U.S.C. § 1446(b)(3), and that the face of the Complaint (Doc. 2) shows that the amount-in-controversy requirement has clearly been met.

**II.      Remand Standard**

In order to invoke a federal court's diversity jurisdiction, a plaintiff must show that the amount in controversy exceeds $75,000.00, 28 U.S.C. § 1332(a), and all parties to the action must be completely diverse. *Palmer v. Hosp. Auth. Randolph Cty.*, 22 F.3d 1559, 1564 (11th Cir. 1994). Removal statutes are to be construed narrowly, with any uncertainties to be resolved in favor of remand. *Syngenta Crop. Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). The party seeking removal bears the burden of establishing federal jurisdiction. *Harris Corp. v. Kollsman, Inc.*, 97 F. Supp. 2d 1148, 1151 (M.D. Fla. 2000). Generally, "jurisdictional facts are assessed on the basis of the plaintiff's complaint as of the time of removal." *Burns*, 31 F.3d at 1097 n. 13. However, post-removal evidence may be considered if it is relevant to the time of the removal. *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000).

**III.    Analysis**

    **A.     The Amount-in-Controversy Requirement Has Been Met.**

When jurisdiction is based on a claim for indeterminate damages, the party invoking federal jurisdiction must prove by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010). The Court may use its "judicial experience and common sense" to deduce, infer, or extrapolate whether the case meets jurisdictional requirements. *Id.* at 1062; *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010).

Here, Ostrowski has not pleaded a specific amount of damages and has only stated that his action is one for damages that exceed $15,000.00, the jurisdictional threshold for Florida circuit courts. Fla. Stat. §§ 26.012(2)(a), 34.01(1)(c). Therefore, his claim is for indeterminate damages, and it is ATD's burden to show that the amount-in-controversy requirement is met by a preponderance of the evidence. *See Pretka*, 608 F.3d at 748 ("As for the amount in controversy . . . the complaint is indeterminate. It states that the case 'is an action for monetary damages in excess of $15,000.00, exclusive of interest, costs and attorney's fees.'"). To carry its burden, ATD relies on the face of the Complaint (Doc. 2).

In the Complaint (Doc. 2), Ostrowski alleges that he has sustained personal and bodily injuries that are permanent in nature. His alleged injuries include aggravation of pre-exiting conditions, pain and suffering, disability, permanent scarring and disfigurement, impairment of working ability, inconvenience, mental anguish, and loss of enjoyment of life. He also alleges that he has incurred medical expenses in the care and treatment of these injuries, and that his injuries will require future treatment. (Doc. 2 ¶¶ 43–162.) Clearly, it can reasonably be inferred from the face of the Complaint (Doc. 2) that the amount in controversy exceeds $75,000.00.

### B. There Is Complete Diversity.

Ostrowski argues that the parties are not completely diverse because both he and Coastal are Florida residents. ATD does not dispute the residency of Coastal, but instead argues that Coastal was fraudulently joined to defeat complete diversity.

If a plaintiff names a non-diverse defendant for the sole purpose of defeating federal diversity jurisdiction, "the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court." *Henderson v. Wash. Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006). To show that a co-defendant was fraudulently joined, the

removing defendant must demonstrate either "(1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Id.* (citation omitted). Further, the Court's determination of "whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, *supplemented by any affidavits and deposition transcripts submitted by the parties*." *Shannon v. Albertelli Firm, P.C.*, 610 Fed. App'x 866, 871 (11th Cir. 2015) (emphasis in original) (citing *Legg v. Wyeth*, 428 F.3d 1317, 1322 (11th Cir. 2005)). And, "[w]hen the defendant submits affidavits containing statements that 'are undisputed by the Plaintiff[], the court cannot then resolve the facts in the Plaintiff['s] favor based solely on the unsupported allegations in the Plaintiff['s] complaint.'" *Id.* (alterations in original) (quoting *Legg*, 428 F.3d at 1323–25).

Here, Ostrowski sued the Defendants in strict products liability and negligence under the theories of defective manufacture, design, and warning with regard to a particular Hercules H-402 tire. As part of that claim, Ostrowski alleges that Coastal designed, created, manufactured, sold, distributed, tested, assembled, inspected, maintained, repaired, or placed into the stream of commerce the specific tire Ostrowski alleges was defective. (Doc. 2 ¶¶ 13, 19, 22, 25, 28, 31, 38, 41, 124, 130, 136.) However, ATD provides the affidavit of Ann Carwile, an employee of Coastal, that directly refutes all of Ostrowski's allegations as far as Coastal is concerned.[1] Put simply, Carwile declares that Coastal has never manufactured, created, or designed tires; it has never sold, distributed, or placed into the stream of commerce Hercules H-402 tires; and it has never had anything to do with the particular tire that Ostrowski complains of. (Doc. 21-1.)

---

[1] In its Response in Opposition (Doc. 10), ATD states that it attached the affidavit of Ann Carwile as Exhibit A, but no such attachment exists. However, the affidavit in question is attached the Coastal's Answer. (Doc. 21-1.)

In response to Carwile's affidavit, Ostrowski produces nothing besides the bare allegations in his Complaint (Doc. 2). As stated above, these unsupported allegations are insufficient to rebut the Carwile affidavit. Therefore, the Court finds that Coastal was fraudulently joined and its residency will not be considered for the purposes of establishing diversity jurisdiction. Given that the amount in controversy has been met and that the remaining parties are diverse, the Court has jurisdiction under 28 U.S.C. § 1332.

**C.     Removal Was Timely.**

To remove a case from state court to federal court, a defendant files a notice of removal "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." *Id.* § 1446(a). A notice of removal is timely if it is either (1) filed within thirty days after the defendant received a copy of the initial pleading through service of process, or (2) "if the case stated in the initial pleading is not removable," a defendant may file its notice of removal within thirty days after its receipt "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* §§ 1446(b)(1), (3).

Here, Ostrowski filed his initial complaint in state court on February 16, 2017. ATD was served the complaint on March 2, 2017, and ATD filed its notice of removal thirty-three days later. (Doc. 2-3; Doc. 1.) Although ATD's removal was untimely under § 1446(b)(1), the affidavit submitted by Ann Carwile was "other paper" from which ATD could first determine the action was removable under § 1446(b)(3). Until ATD received the Carwile affidavit, it had no grounds to remove because Coastal's status as a Florida resident defeated complete diversity. But after it received the affidavit, ATD could ascertain that Coastal was fraudulently joined and that diversity

jurisdiction existed. Therefore, under § 1446(b)(3), ATD had thirty days from March 30, 2017—the day it received the Carwile affidavit—to file its notice of removal. ATD filed its notice of removal only five days later, on April 4, 2017, and well within the time required by § 1446(b)(3). Thus, removal was timely.[2]

## IV.     Conclusion

It is therefore,

**ORDERED** that Ostrowski's Motion to Remand (Doc. 6) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 16, 2017.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[2] Ostrowski argues that the affidavit cannot be "other paper" under § 1446(b)(3) because conversion of a non-removable case to a removable case requires a voluntary act on behalf of the plaintiff under the "voluntary-involuntary rule." (Doc. 16 at 2.) But "[f]raudulent joinder is a well established exception to the voluntary-involuntary rule." *Insigna v. La Bella*, 845 F.2d 249 (11th Cir. 1988).